1   Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
    San Jose, California 95113-2418
3   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com

5   Attorney for Plaintiff
    ALBERT W. YOUNGER
6

**Filed**

APR 1 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Fee paid
SI   (99)

7

8          IN THE UNITED STATES DISTRICT COURT
9       FOR THE NORTHERN DISTRICT OF CALIFORNIA
              SAN JOSE DIVISION

CV13-01680   HRL

10  ALBERT W. YOUNGER,                      Case No. _____
11                          Plaintiff,      **COMPLAINT**
12         v.
                                            **DEMAND FOR JURY TRIAL**
13  MICHAEL & ASSOCIATES, P.C., a
    California Corporation; and LINA M.     15 United States Code § 1692 *et seq.*
14  MICHAEL, individually and in her official   California Civil Code § 1788 *et seq.*
    capacity,
15
16                          Defendants.
17
        Plaintiff, ALBERT W. YOUNGER (hereinafter "Plaintiff"), based on information and belief
18
19  and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his
20  attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

21                            **I. INTRODUCTION**

22      1.   This is an action for statutory damages, attorney fees and costs brought by an
23
    individual consumer for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. §
24
25  1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California
26  Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in
27  abusive, deceptive and unfair practices.
28  ///

2. According to 15 U.S.C. § 1692:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## II. JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331

---

[1] Cal. Civil Code § 1788.1(a)(1).

and 1337.   Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.   This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III.  VENUE

6.   Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV.  INTRADISTRICT ASSIGNMENT

7.   This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V.  PARTIES

8.   Plaintiff, ALBERT W. YOUNGER (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9.   Defendant, MICHAEL & ASSOCIATES, P.C., (hereinafter "MICHAEL & ASSOCIATES"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 555 St. Charles Drive, Suite 204, Thousand Oaks, California 91360.  MICHAEL & ASSOCIATES may be served at the address of its Agent for Service of Process at: Michael & Associates, P.C., c/o Legalzoom.com, Agent for Service, 100 West Broadway,

Suite 100, Glendale, California 91210. The principal business of MICHAEL & ASSOCIATES is the collection of debts using the mails and telephone, and MICHAEL & ASSOCIATES regularly attempts to collect debts alleged to be due another. MICHAEL & ASSOCIATES is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10. Defendant, LINA M. MICHAEL (hereinafter "MICHAEL"), is a natural person and licensed attorney in the state of California. MICHAEL may be served at her current business address at: Lina M. Michael, Michael & Associates, P.C., 555 St. Charles Drive, Suite 204, Thousand Oaks, California 91360. The principal purpose of MICHAEL's business in the collection consumer debts due or alleged to be due another. MICHAEL is regularly engaged in the business of collecting consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet. MICHAEL is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

12. On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer credit account issued by American Express and bearing the account number ending 1002 (hereinafter "the debt"). The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. Plaintiff is informed and believes, and thereon alleges that sometime thereafter on

a date unknown to Plaintiff, the debt was placed, consigned or otherwise transferred to Defendants for collection from the Plaintiff.

14.    Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15.    A true and accurate copy of the collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

16.    The collection letter (Exhibit "1") is dated April 20, 2012.

17.    The collection letter (Exhibit "1") was sent in an envelope on which a postage meter stamp dated April 25, 2012, was imprinted.

18.    Plaintiff is informed and believes, and thereon alleges that Defendants deposited the envelope containing the collection letter (Exhibit "1") in the United States Mail on or about April 25, 2012.

19.    The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the debt.

20.    The collection letter (Exhibit "1") was sent in an envelope which contained a window through which information printed on the collection letter could be seen by anyone who handled the envelope.

### VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

21.    Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

22.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

23. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

24. Defendant, MICHAEL & ASSOCIATES, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

25. Defendant, MICHAEL, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

26. The financial obligation owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

27. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants communicated with third parties, in violation of 15 U.S.C. § 1692b;

    b. Defendants communicated with third parties in connection with the collection of a consumer debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of 15 U.S.C. § 1692c(b);

    c. Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a consumer debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of 15 U.S.C. § 1692d;

    d. Defendants published Plaintiff's personal financial information to third parties, in violation of 15 U.S.C. § 1692d(3); and

    e. Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a consumer debt from Plaintiff is

1    unfair or unconscionable, in violation of 15 U.S.C. §§ 1692f, 1692f(7) and 1692f(8).

2         28.    Defendants' acts as described above were done intentionally with the purpose of

3    coercing Plaintiff to pay the debt.

4         29.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an

5

6    award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

7                **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

8         30.    Plaintiff brings the second claim for relief against Defendant, MICHAEL &

9    ASSOCIATES, only under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California

10   Civil Code §§ 1788-1788.33.

11

12        31.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth

13   herein.

14        32.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §

15   1788.2(h).

16        33.    Defendant, MICHAEL & ASSOCIATES, is a "debt collector" as that term is

17

18   defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

19        34.    The financial obligation owed by Plaintiff is a "consumer debt" as that term is

20   defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

21        35.    Defendant, MICHAEL & ASSOCIATES, has violated the RFDCPA.    The

22   violations include, but are not limited to, the following:

23             a.    MICHAEL & ASSOCIATES communicated with third parties, in violation

24   of Cal. Civil Code §§ 1788.12(d) and 1788.17;[2]

25

26             b.    MICHAEL & ASSOCIATES communicated with third parties in

27   connection with the collection of a consumer debt from Plaintiff without Plaintiff's prior

28   _____

[2] 15 U.S.C. § 1692b.

consent or the express permission of a court of competent jurisdiction, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17;[3]

    c.   MICHAEL & ASSOCIATES' publication of Plaintiff's personal financial information to third parties in connection with the collection of a consumer debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17;[4]

    d.   MICHAEL & ASSOCIATES published Plaintiff's personal financial information to third parties, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17;[5] and

    e.   MICHAEL & ASSOCIATES' publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17.[6]

    36.   MICHAEL & ASSOCIATES' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

    37.   As a result of MICHAEL & ASSOCIATES' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

    38.   As a result of MICHAEL & ASSOCIATES' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.17.[7]

    39.   As a result of MICHAEL & ASSOCIATES' violations of the RFDCPA, Plaintiff

---

[3] 15 U.S.C. § 1692c(b).
[4] 15 U.S.C. § 1692d.
[5] 15 U.S.C. § 1692d(3).
[6] 15 U.S.C. §§ 1692f, 1692f(7) and 1692f(8).
[7] 15 U.S.C.§ 1692k(a)(2)(A).

is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[8]

40.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)  Assume jurisdiction in this proceeding;

b)  Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b, 1692c(b), 1692d, 1692d(3), 1692f, 1692f(7), and 1692f(8);

c)  Declare that MICHAEL & ASSOCIATES violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.12(d) and 1788.17;

d)  Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e)  Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

f)  Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to Cal. Civil Code § 1788.17;[9]

g)  Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[10] and 1788.30(c); and

h)  Award Plaintiff such other and further relief as may be just and proper.

---

[8]  15 U.S.C.§ 1692k(a)(3).
[9]  15 U.S.C. § 1692k(a)(2)(A).
[10]  15 U.S.C. § 1692k(a)(3).

1  CONSUMER LAW CENTER, INC.

2

3  By: /s/ Fred W. Schwinn
   Fred W. Schwinn (SBN 225575)
4  CONSUMER LAW CENTER, INC.
   12 South First Street, Suite 1014
5  San Jose, California  95113-2418
   Telephone Number: (408) 294-6100
6  Facsimile Number: (408) 294-6190
   Email Address: fred.schwinn@sjconsumerlaw.com
7

8  Attorney for Plaintiff
   ALBERT W. YOUNGER
9

10

11  **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

12       Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

13  parties, there is no such interest to report.

14

15  /s/ Fred W. Schwinn
    Fred W. Schwinn, Esq.

16

17  **DEMAND FOR JURY TRIAL**

18       PLEASE TAKE NOTICE that Plaintiff, ALBERT W. YOUNGER, hereby demands a trial by

19  jury of all triable issues of fact in the above-captioned case.

20

21  /s/ Fred W. Schwinn
    Fred W. Schwinn, Esq.

22

23

24

25

26

27

28

- 10 -
COMPLAINT

LAW OFFICES OF

# MICHAEL & ASSOCIATES

Lina M. Michael
Brian P. McGurk
Sean M. Ambrose†*
Christina L. Rymsza
Lisa D. Dubowski
Calvin S. Rose
Tiffanie M. Brown

555 St. Charles Drive, Suite 204
Thousand Oaks, CA 91360
Telephone: (805)379-8505
Facsimile: (805)728-6266

*Nevada Office
2000 E. Flamingo Road
Las Vegas, Nevada 89119
Telephone: (702)943-3405
Facsimile: (702)968-1090

†*Not admitted in California*

20 APR 2012

ALBERT YOUNGER          12099174
3379 MACHADO AVE
SANTA CLARA CA 95051

Creditor: American Express
Balance Due      :$ 821.98
Reference Number: 1002
Account Number  :12099174

The above-referenced matter has been listed with our office for collection.

This communication is from a debt collector. This is an attempt to collect a debt; any information obtained will be used for that purpose.

American Express has a wide range of payment options that may be available to assist you with the repayment of the above-referenced debt. Our client, American Express, is committed to assisting you in resolving the outstanding balance owing on the above account.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt to be valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you have any questions or if you wish to discuss payment arrangements, you may contact this office at 805-379-8505.

Best Regards,
Michael & Associates

Lina M. Michael
Attorney at Law

LMM/jle/ILCONLCA

"NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION."

EXHIBIT
1

CONSUMER NOTICES

THIS HAS BEEN SENT TO YOU BY A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.

ADDITIONAL NOTICES

THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION
PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU
BEFORE 8 A.M. OR AFTER 9:00 PM. THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY
USING OBSCENE LANGUAGE.  COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT
WORK IF THEY KNOW OR HAVE REASON TO KNOW THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK.  FOR
THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT
YOUR DEBT. COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A
JUDGMENT. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL
TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV.

LAW OFFICES OF

**MICHAEL & ASSOCIATES**

555 St. Charles Drive, Suite 204
Thousand Oaks, CA 91360

ALBERT YOUNGER
3379 MACHADO AVE
SANTA CLARA CA 95051

Creditor: American Express

12099174

SEC5181940 C004

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 91360
02 1W
0001366645 APR 25 2012

$ 000.45⁰